No. 2751

Second Circuit

---

FUQUA v. COUVILLION, AS SHERIFF, ET AL.

---

(January 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Estoppel—Par. 1, 2.**

A defendant is entitled to the full benefit of the plaintiff's judicial allegations of fact; and in the absence of allegations and proof of error in making them the plaintiff is estopped to deny them.

2. **Louisiana Digest—Continuance—Par. 1; Appeal—Par. 105.**

An application for a continuance of a trial in a civil case is addressed to the sound discretion of the trial judge, and his action thereon will not be disturbed on appeal unless it manifestly appears he has abused his discretion.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by John E. Fuqua against C. P. Couvillion, as sheriff, et al.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Bordelon & Norman, of Marksville, attorneys for plaintiff, appellant.

W. E. Couvillion, of Marksville, attorney for defendants, appellees.

## STATEMENT OF THE CASE

REYNOLDS, J. Defendant, Samuel Moreau, as transferee of a judgment obtained by Mrs. Florence A. Zimmer against Robert Laborde, caused a fi. fa. to issue thereon under which the sheriff, C. P. Couvillion seized a certain automobile as the property of the judgment debtor.

The judgment debtor executed a forthcoming bond and the automobile was released from the seizure.

Thereafter plaintiff, John E. Fuqua, brought this suit to have himself decreed to be the owner of the automobile and to restrain the sheriff from selling it under the fi. fa.

He alleged that he had sold the automobile to Robert Laborde in the state of California on June 19, 1925, for $800.00, of which $50.00 was paid and the balance of $750.00 was to be paid in fifteen equal installments, and that the balance of the purchase was due and unpaid.

He further alleged that the contract of sale provided that the title to and property in the automobile should not pass to the purchaser until the price was paid; that under the laws of the state of California such a contract was valid, and that consequently he and not the judgment debtor was the owner of the seized automobile.

A temporary restraining order was granted and the sheriff and seizing creditor ruled to show cause why it should not be continued pendente lite.

Thereafter plaintiff filed a supplemental and amended complaint wherein he alleged that the allegation in his petition that he had sold the automobile to Robert Laborde was inadvertent; that it was sold to Robert Laborde by Paul G. Hoffman Company, Inc., of Los Angeles, California, on a credit and under a contract whereby the title thereto was to remain in that company until payment of the price, and that the company had sold and transferred its contract to him, plaintiff.

And thereafter he filed a second and supplemental and amended petition in which he practically repeated the allegations of his first amended and supplemental petition.

Defendants answered, denying that any part of the price of the automobile remained unpaid or that the laws of the state of California permitted a sale with reservation of title in the vendor, and alleged, in the alternative, that if any part of the price remained unpaid and if the vendor had retained title to the automobile and the laws of the state of California permitted such a contract, that plaintiff had permitted Robert Laborde to remove the automobile out of the state of California and into the state of Louisiana and thereby subjected it to the effect of the laws of the state of Louisiana, and that plaintiff's only right, if he had any, was to assert a vendor's privilege and the right to be paid out of the proceeds of the sale of the automobile under the fi. fa. in preference to the seizing creditor.

Defendants also filed a motion to dissolve the injunction on the ground that

plaintiff's amended and supplemental petitions had changed the issues and set forth a new cause of action that plaintiff's right to the preliminary injunction must be determined by the allegations and cause of action set up in the original petition, and that these having been abandoned, his right to the preliminary injunction ceased with it.

The question of continuing the temporary injunction pendente lite, or dissolving it on defendant's motion, came up for trial, and plaintiff moved for a continuance on the ground that in the short time that elapsed between the filing of his suit and the hearing on the motion he had been unable to get his case ready for trial.

The application for a continuance was denied and a trial was had and judgment was rendered dissolving the preliminary injunction.

Plaintiff asked for orders of appeal, both suspensive and devolutive, from this judgment. A suspensive appeal was refused him but a devolutive appeal was granted.

Whereupon plaintiff applied to this court for a writ of mandamus, and a writ of prohibition directed to the district judge, the seizing creditor and the sheriff, commanding the district judge to show cause why he should not be required to grant plaintiff a suspensive appeal and prohibiting the seizing creditor and the sheriff from selling the automobile until the further order of this court.

Alternative writs of mandamus and prohibition were granted as prayed for.

The defendant sheriff and the seizing creditor answered that the granting or refusing of a continuance lies solely within the discretion of the trial judge and that his action cannot be controlled by mandamus, and that under the provisions of

Section 5 of Act 29 of 1924 no appeal is allowed from a judgment dissolving a restraining order, and that, hence, plaintiff was not entitled to the suspensive appeal prayed for.

Plaintiff perfected his devolutive appeal from the judgment dissolving the preliminary injunction, and on hearing of that appeal this court reversed the judgment of the District Court and remanded the case to the District Court with instructions to allow the plaintiff fifteen days' time after return of the record to the lower court in which to get ready for trial.

The alternative writ of mandamus, having served the purpose of staying proceedings under the fi. fa. until plaintiff's appeal could be heard, no action was taken by this court in that proceeding thereafter.

On November 17, 1925, the case was set down for trial on its merits for December 16, 1925.

On December 16, 1925, the trial was reset for December 21, 1925.

On December 19, 1925, on motion of plaintiff the setting for December 21, 1925, was set aside and the trial refixed for December 30, 1925.

On January 11, 1926, the trial was reset for January 13, 1926.

On January 13, 1926, the trial was refixed for January 20, 1926.

On January 21, 1926, the trial was reset for January 28, 1926.

On January 28, 1926, the trial was reset for February 9, 1926.

Thereafter the trial was continued several times more until March 10, 1926, on which day it was taken up and tried and taken under consideration by the court.

On April 29, 1926, on motion of plaintiff, trial of the case on the question of con-

tinuing the preliminary injunction pendente lite, or dissolving it on defendant's motion, was set for hearing for May 27, 1926. On that day plaintiff moved for a continuance. Defendant objected to any hearing then or later on the question on the ground that all the issues involved were included in the merits and, inasmuch as the case had been tried and submitted on the merits, there was nothing further to be tried. The court sustained the defendant's objection.

On June 5, 1926, the court rendered judgment on the merits, rejecting plaintiff's demand and dismissing his suit at his cost.

From this judgment plaintiff appealed devolutively.

This agreement is endorsed on the contract of sale from Paul G. Hoffman Company, Inc., to Robert Laborde.

And at some time, not given, by endorsement on the same contract, plaintiff, J. E. Fuqua, and Robert Laborde entered into the following agreement:

"This agreement between Mr. Robert Laborde and J. E. Fuqua, $800.00, is to pay the car off in payments of $50.00 per month with interest:

| | |
|---|---|
| July 19, 1925 | $ 50.00 |
| August 19, 1925 | 50.00 |
| September | 50.00 |
| October | 50.00 |
| November | 50.00 |
| December | 50.00 |
| January, 1926 | 50.00 |
| February | 50.00 |
| March | 50.00 |
| April | 50.00 |
| May | 50.00 |
| June | 50.00 |
| July | 50.00 |
| August | 50.00 |
| September | 50.00 |
| October | 50.00 |
| | $800.00 |

(Signed) "ROBERT LABORDE."

The real question at issue is whether or not the last quoted agreement constituted a sale by John E. Fuqua to Robert Laborde.

Article 2439 of the Civil Code provides:

"The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself."

The contract between J. E. Fuqua and Robert Laborde contains all the requisites of a contract of sale as defined in this article. There is the thing (an automobile), the price, $800.00, and the assent of the parties.

Plaintiff judicially alleged that he had sold the automobile to Robert Laborde. Paragraph 3 of his original petition reads as follows:

"Your petitioner alleges that on the 19th day of June, 1925, he sold said Robert Laborde, seized debtor herein, the said 1924 model Studebaker touring automobile, engine number 187958, hereinabove fully described, and so seized and advertised to be sold at sheriff's sale on October 17th, 1925, as aforesaid, for the sum of eight hundred ($800.00) and 00-100 dollars, of which the sum of fifty ($50.00) and 00-100 dollars, being paid cash, and the balance of seven hundred and fifty ($750.00) dollars in fifteen equal installments, with the provision and stipulation that the title to and ownership of said automobile to remain in your petitioner until final payment, as will all more fully appear by reference to certified copy of contract of sale annexed hereto and made part hereof."

In Paragraph 2 of his amended and supplemental petition plaintiff alleged:

"Petitioner represents that said allegation in part was inadvertently stated, and that the true facts of said automobile is as follows, to-wit:

"That said automobile was sold to said Robert Laborde by Paul G. Hoffman Company, Incorporated, whose domicile is in the city of Los Angeles, and state of California,

and that on June 16th, 1925, petitioner was sold, transferred and assigned the contract of sale and interest therein by said company; and that on said June 16th, 1925, petitioner entered into an agreement with said Robert Laborde wherein and whereby the said Laborde promised and bound himself to pay petitioner the sum of $800.00 as the purchase price of the said automobile, of which the sum of forty dollars has been paid petitioner, and leaving a balance of $760.00 still due and owing petitioner; that otherwise the said Laborde's contract with said Paul G. Hoffman Company, Inc., was to remain and continue to be the contract between the said Laborde and petitioner."

Plaintiff testified (deposition, page 3):

"There was a subsequent agreement between Laborde and myself as to the terms of payment on said automobile for balance due on same as represented in the said contract."

The agreement he refers to is that of unmentioned date, copied above, wherein Laborde agrees to pay $800.00 for the automobile, $50.00 cash and the balance in monthly installments of $50.00 each. But there is no proof that the sale from plaintiff to Laborde was a conditional one.

On page 5 of his deposition he further testifies:

"* * * and then I wrote my name over on the right-hand corner, it being the intention of us both that we were signing our names to bind the agreement set out in typewriting above in regard to payments."

Plaintiff, having obtained the preliminary injunction on the sworn allegation that he had sold the automobile to Laborde on credit and retained the title in himself until the price should be paid, could not shift his ground and maintain his action on an allegation that another person had sold Laborde the automobile on a credit and reserved the title in itself until the price should be paid, and that he had purchased the contract from such other person and thereby became the owner of the automobile.

Paragraph 3 of plaintiff's original petition and his testimony above quoted show that the contract between Laborde and Paul G. Hoffman Company, Inc., was extinguished by agreement between all three of them and that he thereafter sold the car to Laborde for the price of $800.00, of which $50.00 was paid in cash and the balance was to be paid in monthly installments of like amount.

Plaintiff's contract with Laborde, copied hereinabove, does not stipulate that the title to the automobile is not to pass from plaintiff to Laborde until the price is paid.

Plaintiff, having become the owner of the automobile in virtue of the agreement between himself, Laborde and the Paul G. Hoffman Company, Inc., and having thereafter sold and delivered it to Laborde without stipulating that the title should not pass to him until the price was paid, the title to and property in the automobile passed to Laborde, and it became subject to seizure and sale under fi. fa. against him.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.